IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION OF
GALLUP-McKINLEY COUNTY SCHOOLS,

    Plaintiff,

v.                                                         CIV 18-1039 KBM/SCY

NATIVE AMERICAN DISABILITY LAW
CENTER, INC. and MAVIS YAZZIE, as
Parent of K.Y. Student,

    Defendant.

# MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion to Dismiss filed by Defendant Native American Disability Law Center, Inc. ("NADLC") *(Doc. 9)* on December 11, 2018.[1] The Court has reviewed the briefs of the parties as well as documents on file in this case. The Court further heard oral arguments on February 7, 2019 at which Attorneys Samantha Adams and Katherine Downey appeared on behalf of Plaintiff Gallup-McKinley County Schools ("GMCS") and Attorney Maureen Sanders appeared for Defendant-Movant. Having given due consideration to the arguments of the parties, the Court finds the Motion to be well taken, and it will be granted.

**I. Procedural Posture**

In the state administrative proceeding at issue, Defendant Mavis Yazzie brought claims on behalf of her minor child pursuant to the Individuals with

---

[1] At the hearing, it became apparent that Ms. Sanders incorrectly thought that she had not accepted service on behalf of both Defendants, but the record is clear that she has. S*ee Doc. 5.* However, Ms. Yazzie has neither joined in the motion to dismiss nor filed an answer.

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, against GMCS and against the New Mexico School for the Deaf ("NMSD"). On August 15, 2018, the hearing officer concluded that there was "no jurisdiction over GMCS" and dismissed GMCS "with prejudice from the case." *Doc. 1-10* at 11.

The instant "Petition for Attorneys' Fees and Costs to Prevailing Party" was filed by GMCS in this court on November 7, 2018. The plaintiff school district seeks recovery of attorney fees it incurred defending in the IDEA administrative proceedings. Indeed, the IDEA provides that such attorney fees are recoverable not only "to a prevailing party who is the parent of a child with a disability," 20 U.S.C. § 1415(i)(3)(B)(i)(I), but also to a prevailing educational agency under certain circumstances:

> [t]he court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . **(II)** to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or **(III)** to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. . . .

20 U.S.C. § 1415(i)(3)(B)(i)(II) & (III). Here Plaintiff GMCS seeks attorney fees both from Defendant Mavis Yazzie (K.Y.'s parent) and Defendant NADLC which represented her (through Attorney Alexis M. DeLaCruz) in the administrative proceedings.

Solely at issue on this motion to dismiss is the **timeliness** of this attorney fee action. At Paragraph 8 of the Petition, Plaintiff GMCS affirmatively states that the "Petition is timely filed within 30 days of October 8, 2018, the date the Final

2

Decision in the Underlying Case was issued" and cites to § 6.31.2.13(I)(25)(b) of the New Mexico Administrative Code ("NMAC")[2] and our federal district's local rule – D.N.M.LR-Civ. 54.1. Defendant NADLC also cites to these same rules but insists that the 30-day deadline for filing an action for attorney fees began to run on August 15, 2018, when the hearing officer issued the order dismissing GMCS with prejudice from the administrative proceeding.

Plaintiff, on the other hand, maintains that it was the hearing officer's entry of the October 8, 2018 "DISMISSAL ORDER" that triggered the relevant 30-day statute of limitations for this attorney fees action. That dismissal order indicated that the sole remaining respondent in the administrative proceedings – NMSD – had reached a settlement with Ms. Yazzie and that concurrence from GMCS for dismissal of case was not needed "as it was previously dismissed." *Doc. 1-11.*

## II. LEGAL ANALYSIS

### A. Section 6.31.2.13(I)(25)(b) Provides the Applicable Statute of Limitations

The parties assume that NMAC § 6.31.2.13(I)(25)(b)[3] sets forth the applicable statute of limitations for the filing of an IDEA attorney fee petition. This Court would be remiss, however, if it failed to discuss the opinions of our Chief Judge William "Chip" Johnson on the issue of the applicable statute of limitations in New Mexico for IDEA attorney fees actions. In *Chavez v. Espanola Public Schools,* No. 11-cv-0233 WJ/WPL, Judge Johnson noted that prior to the promulgation of the above-noted NMAC provision

---

[2] The New Mexico State Records Center and Archives' website explains, "The New Mexico Administrative Code (NMAC) is the official compilation of current rules filed by state agencies [see Section 14-4-7.2 NMSA 1978]". *See* http://164.64.110.134/nmac/explanation-of-code (last viewed February 8, 2019).

[3] Because the interpretation of subsections 24 and 25 of 6.31.2.13(I) are central to the arguments of counsel, those subsections are attached to this Opinion as Court's Exhibit 1.

3

by the New Mexico Public Education Department ("NMPED"), he had found that New Mexico's four-year "catch all" statute of limitations governed such actions. *Chavez*, 795 F. Supp. 2d 1244, 1246 (D.N.M. July 16, 2011) (*citing Teakell v. Clovis Mun. Schs.*, No. 04-cv-0050 WJ/RHS, ECF No. 17 (D.N.M. June 24, 2004)).

In *Teakell*, Judge Johnson acknowledged the rule that "[w]here Congress fails to provide a statute of limitations, federal courts generally borrow a limitations period from an analogous state cause of actions." *Teakell,* ECF No. 17 at 4 (citing *Wilson v. Garcia,* 471 U.S. 261 (1985)). He further found that there are

> two provisions of the IDEA relevant to this discussion: 20 U.S.C. §1415(i)(2) and § 1415(i)(3)(B) [formerly §§1415(e)(2) and (e)(4)] . . . . Section 1415(i)(2) provides for the appeal of a substantive administrative decision, whereas under § 1415(i)(3)(A) and (B), federal district courts are vested with discretion to award reasonable attorney's fees to the parents of a disabled child who is the prevailing party. . . .
> How a court comes out on the issue [of the most analogous state statute of limitations] depends on how it characterizes the nature of a fee application brought under the IDEA-- i.e., whether the claim for fees is "part and parcel" of the administrative proceeding, or whether it is an independent cause of action.

*Id.* at 3-4. Judge Johnson then determined that an application for attorney fees brought under IDEA is an independent claim rather than being "collateral" to a judicial review of an administrative decision. Specifically, he reasoned that a claim for attorney fees could not be considered collateral because "separate" IDEA provisions governed an action for judicial review [§ 1415(i)(2)] and an application for attorney fees incurred in that review [§ 1415(i)(3)(B)]. *Id.* at 8. He further rejected New Mexico's general 30-day limitations period for appeals from decisions of administrative agencies – Rule 1-074(E) of NMRA – as too short and therefore "inconsistent, if not totally contrary, to the federal policy of

4

vindicating the rights of disabled children under the IDEA. . . . "*Id.* at 10 (quoting *Curtis K. v. Sioux City Cmty Sch. Dist.,* 895 F. Supp. 1197, 1219 (N.D. Iowa 1995)).

In his later *Chavez* opinion, Judge Johnson reiterated his view that the IDEA creates an independent cause of action for attorney fees. It was only after the 2004 *Teakell* decision that the NMPED promulgated the rule setting forth a limitations period specific for seeking IDEA attorney fees at issue here – § 6.31.2.13(I)(25)(b). Judge Johnson found that even if that new rule provided the applicable analogous statute of limitations, it was unenforceable in that case given the school district's failure to give adequate notice of the limitations period to the student's parents as required by the IDEA. *Chavez,* 795 F. Supp. 2d at 1247. He made no finding, however, as to the regulation's facial validity. *Id.* at 1248.

As an initial matter, this Court is not persuaded that the IDEA creates an independent cause of action for attorney fees.[4] Although Judge Johnson's thoughtful decisions do not constitute binding authority, they have been given careful and respectful consideration. In the opinion of this Court, however, the "separate provisions" upon which Judge Johnson relies are better viewed as components of IDEA § 1415(i) (attached to this Opinion as Exhibit 2) entitled "Administrative procedure" and include: Subsection (1) – "In general"; subsection (2) – "Right to bring civil action"; and

---

[4] There is a definite split of authority on the issue. The Ninth and Eleventh Circuit have characterized an IDEA attorney fees application as an independent cause of action. *See Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, (9th Cir. 2015) (applying Idaho's three-year "statutory liability" statute of limitations); *Zipperer v. Sch. Bd. of Seminole Cty, Florida*, 111 F.3d 847 (11th Cir. 1997) (applying Florida's four-year "statutory liability" statute of limitations). The Sixth and Seventh Circuits have viewed IDEA attorney fees applications as "ancillary" to the underlying substantive education cause of action, and they have borrowed the state statute of limitations governing judicial review of administrative agency decisions. *See King v. Floyd Cty. Bd. of Educ.,* 228 F.3d 622, 623 (6th Cir. 2000); *Powers v. Ind. Dep't of Educ., Div. of Special Educ.*, 61 F.3d 552, 556 (7th Cir. 1995).

subsection (3) – "Jurisdiction of district courts; attorneys' fees." It is these three subsections that supply the procedure for a cause of action brought pursuant to the IDEA. Thus, Congress viewed an attorney fee award to be "part and parcel" of the "[a]dministrative procedure." Indeed, this Court would characterize an award of IDEA attorney fees not as an independent claim but instead one that is "derivative" from the status as a prevailing party on the underlying substantive IDEA claim.[5] This is true even if a prevailing party's attorney fees application is considered by a judge rather than hearing officer and in a court, rather than agency, setting,

### B. Section 6.31.2.13(I)(25)(b) is Consistent with Protecting IDEA Rights

Moreover, a 30-day limitation period for bringing an attorney fees application that applies equally to any prevailing party – whether a prevailing parent or prevailing public agency – appears reasonable and consistent with the policies and interests underlying the IDEA. Even Plaintiff GMCS agrees with this proposition. *See Doc. 12* at 10 (but insisting it run from the close of the entire administrative proceedings). The 30-day deadline fosters finality for all parties, better enables a public agency's budgetary planning, and alleviates a parent's fear of an award long after the IDEA underlying claim has been resolved. Finally, as demonstrated by the outcome in the *Chavez* case, the

---

[5] Congress has created similar "collateral" awards of attorney fees, sometimes using an <u>entirely separate statute</u> as a vehicle for recovery of attorney fees for successful litigants for violations of important rights. For instance, "section 1988 does not create independent causes of action, it simply 'defines procedures under which remedies may be sought in civil rights actions.'" *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir.1985); *see also Moor v. Cty of Alameda*, 411 U.S. 693, 703–04 & n.17, 93 S. Ct. 1785, 1792–93 n. 17, 36 L.Ed.2d 596 (1973) ("Properly viewed, then, § 1988 instructs federal courts as to what law to apply in causes of actions arising under federal civil rights acts.")). *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988).

Moreover, short limitations periods for such collateral applications for attorney fees, including those brought pursuant to §1988, are common. *See e.g.,* Fed. R. Civ. P. 54 ("Unless a statute or a court order provides otherwise, the motion must . . . (i) be filed no later than 14 days after the entry of judgment. . . ."); D.N.M.LR-Civ. 54.5(a) ("A motion for attorney's fees not brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), must be filed and served within thirty (30) days after entry of judgment.").

6

obligation to provide notice to parents who may be unfamiliar with the 30-day limitations period adequately assures the protection of important substantive IDEA rights.

This Court is concerned, however, that § 6.31.2.13(I)(25)(b), as written, may require the prevailing party to file an action for IDEA attorney fees before it knows if the hearing officer's decision will be appealed by the aggrieved party. This is because the 30-day limitations period applies to both the filing of an appeal of the hearing officer's decision [§ 6.31.2.13(I)(24)(a)] and the filing of an action for attorney fees by a prevailing party [§ 6.31.2.13(I)(25)(b)]. The Court agrees with Plaintiff that it would be a wiser course if a limitations period for seeking attorney fees not begin to run "until the aggrieved party's time for challenging the hearing officer's decision expires." *D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist.,* 806 F.3d 310, 321-22 (5th Cir. 2015). This Court is unable to say, however, that NMPED's decision to adopt the same 30-day limitations period for an appeal and attorney fee application alone invalidates the rule.

**C. Section 6.31.2.13(I)(25)(b) was Lawfully Promulgated by NMPED**

Plaintiff GMCS argues yet another ground for not enforcing the 30-day limitations period set forth in § 6.31.2.13(I)(25)(b). The plaintiff school district proffers that "NMPED likely lacked the authority to enact the thirty-day period in the first instance." *Doc. 12* at 12 (capitalization modified). For that proposition, GMCS relies on the Tenth Circuit's decision in *Arnold v. Duchesne County,* 26 F.3d 982, 986 (10th Cir. 1994). In *Duchesne*, Utah's legislature had promulgated a statute of limitations "exclusively target[ing] section 1983 actions." *Id.* The Tenth Circuit found that "the Utah legislature ha[d] both usurped the role of federal law in characterizing the essence of such actions and ha[d] eliminated the assurance that neutral rules of decision will apply to section 1983 actions

7

in Utah." *Id.* at 987. In essence, Plaintiff GMCS contends that the NMPED has similarly unlawfully targeted actions for IDEA attorney fees.

Yet *Duchesne* is clearly distinguishable. There the Tenth Circuit reasoned that "[w]hile Congress permits federal courts to borrow state limitations periods, neither Congress nor the Supreme Court has authorized states to create limitations periods specifically and exclusively applicable to section 1983 ***actions***." *Id.* at 989 (emphasis added). Here, it is not the underlying substantive IDEA action that is affected by the application of NMPED's 30-day limitations period; rather, that limitations bar affects only the derivative application for attorney fees to the prevailing party in that underlying substantive cause of action. As such, § 6.31.2.13(I)(25)(b) cannot be said to be inconsistent with the policies and purposes behind the IDEA.

In fact, the IDEA expressly requires state educational agencies, such as the NMPED, to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education." 20 U.S.C. § 1415(a). The Court agrees with Defendant that

> [a]s part of its adoption of policies and procedures to implement IDEA, NMPED set a thirty-day limit for petition for fees. Nothing in federal law prohibits a state educational agency from establishing a time period for any prevailing party under an IDEA claim to file a petition for attorneys' fees. Doing so is within its authority to guarantee procedural safeguards for parents of disabled children.

*Doc. 13* at 5. Of course, enforcement of the IDEA provision requiring notice of procedural safeguards to parents assures that the 30-day limitations period will be equitably applied. *See Chavez*, 795 F. Supp. 2d at 1247 ("the 'underlying policies and spirit of the IDEA' require that parents receive notice of the NMPED's 30-day statute of

limitations for filing actions for attorney's fees before it can be enforced against them."). Thus, the Court concludes that NMPED properly exercised its Congressionally-delegated authority when it established the procedural 30-day limitations period in which a prevailing party in an IDEA action must bring a claim for attorney fees incurred in those proceedings.

**D. The Triggering Event for Section 6.31.2.13(I)(25)(b)'s Limitations Period**

Having determined that § 6.31.2.13(I)(25)(b) provides the applicable statute of limitations, the Court circles back to address the crux of the issue presented in this specific case – when did the 30-day period begin to run? By its express terms, § 6.31.2.13(I)(25)(b) indicates that "[a]ny action for attorney fees must be filed within 30 days of the receipt of the last administrative decision."

Plaintiff GMCS maintains that the triggering event – ***"the last administrative decision"*** – was the hearing officer's final decision entered in the IDEA proceedings – the October 8, 2018 "DISMISSAL ORDER" entered after the sole remaining respondent NMSD had reached a settlement with Ms. Yazzie. But in its motion to dismiss, Defendant NADLC argues that as to prevailing party GMCS, the clock began to run on August 15, 2018 – the date it was dismissed with prejudice from the IDEA proceedings. Because GMCS waited until November 11, 2018 to file the instant Petition seeking IDEA attorney fees, Defendant contends it must be dismissed as untimely.

GMCS relies on "the bedrock principle of statutory interpretation instructing courts to interpret statutes and regulations according to their plain meaning." *Doc. 12* at 3-4 (*citing Graham v. Cty of Dona Ana*, CIV 13-0673 MCA/GBW, 2015 WL 13665403, at *2 (D.N.M. March 30, 2015)). Indeed, as the Supreme Court has observed, "[i]n a

statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992).

The plaintiff school district argues that "Defendant forces language into the attorney fee provision that just isn't there because Defendant thinks the thirty-day period ought to run not from the 'last administrative decision' as the regulation actually reads, but from the last administrative decision as to the moving party." *Doc. 12* at 3. True, the phrase "last administrative decision" ***in isolation*** would seem to refer to the last decision issued in the entire matter, and the Court understands why one might reasonably infer that interpretation.

In a more nuanced response, however, NADLC contends that the ***context*** in which § 6.31.2.13(I)(25)(b) identifies "the last administrative decision" necessarily implicates the last administrative decision ***as to the prevailing party*** that seeks IDEA attorney fees. Simply put, this Court agrees. "[I]nterpretation of a phrase of uncertain reach is not confined to a single sentence when the text of the whole statute gives instruction as to its meaning." *Maracich v. Spears*, 570 U.S. 48, 65 (2013) (*citing United States Nat. Bank of Ore. v. Independent Ins. Agents of America, Inc.,* 508 U.S. 439, 455 (1993) ("'[I]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy'") (quotation omitted). Because § 6.31.2.13(i)(25)(a) makes clear that ***only*** a prevailing party is entitled to bring an action for attorney fees, it only makes sense that

"the last administrative decision" identified in § 6.31.2.13(i)(25)(b) references the final decision as to that prevailing party.

To elaborate, if Plaintiff's interpretation was correct, a prevailing party would have to wait for an unknown length of time for a final ruling that bears no relevance on the merits of its entitlement to an attorney fees award. This unwarranted postponement in receiving compensation might negatively impact an attorney's willingness to take on a parent's suit to protect a child's IDEA rights. As Judge Johnson observed:

> fee-shifting provisions are enacted to protect the parents themselves, rather than just the attorneys. Very few cases of this nature would be brought in the absence of a fee-shifting provision, because parents in an IDEA case are often indigent and attorneys would find it difficult to make a living bringing IDEA cases.

*Chavez,* 795 F. Supp. 2d at 1248. It seems reasonable, therefore, that NMPED would seek to avoid this result and intended that "last administrative decision" refer to the final decision that created the entitlement to attorney fees against the opposing party.

Moreover, undue delay in recovering attorney fees by a prevailing school district that defended against a frivolous complaint could divert financial resources that would otherwise be readily available to provide services dictated by the IDEA. Thus, unnecessary delay in pursuing a meritorious application for attorney fees by a prevailing party – whether by the student's parent or by the educational agency – would be contrary to the spirit and policies underlying the IDEA. These observations reinforce this Court's holding that the hearing officer's August 15, 2018 decision that created GMCS's potential entitlement to IDEA attorney fees triggered the 30-day period for pursuing that claim.

Having determined that the instant Petition for IDEA attorney fees is untimely, the Court need not address any issue of prejudice to Defendants for which Plaintiff has sought to file a surreply. *See Doc. 17.*

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Opposed Motion for Leave to File Surreply on the Claim of Prejudice *(Doc. 17)* is **denied**.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Defendant Native American Disability Law Center, Inc. *(Doc. 9)* is **granted**. A final order pursuant to Rule 58 of the Federal Rules of Civil Procedure will be entered concurrently herewith dismissing this action with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent